THE STATE, EX REL. KRAMER ET AL., *v.* LEACH, ADMR., BUREAU OF UNEMPLOYMENT COMPENSATION.

(No. 7226—Decided February 19, 1963.)

*Messrs. Clayman & Sigall,* for relator.

Mr. *William B. Saxbe,* attorney general, and *Mr. Harold B. Talbott,* for respondent.

TROOP, J. Relator filed his petition in this court praying for a writ of mandamus to issue immediately compelling respondent, Donald B. Leach, Administrator, Bureau of Unemployment Compensation, state of Ohio, to pay immediately the recomputed benefits, as have been determined by the Administrator, which are due this relator and the members of the class he represents.

An examination of the petition, answer, and briefs filed herein leads to the conclusion that there is agreement as to the essential facts giving rise to this action. The question now presented to be decided arose following the passage of House Bill No. 1130, enacted by the 103rd General Assembly, effective October 16, 1959 (128 Ohio Laws, 1308, 1331). Section 3 of the Act provides for the recomputation of benefits, already determined and allowed, upon a new maximum of $42 per week, instead of the former weekly maximum of $33, for the balance of any claimant's benefit year coming after October 19, 1959.

Relator made application for the increased benefits, and his total benefits were redetermined and allowed, as were those of some 24,000 claimants in the same class. Employers of the claimants challenged the constitutionality of the statute and protested the allowance of the applications for recomputation and redetermination, whereupon the Administrator referred the pending claims to the Unemployment Compensation Board of Review.

The Supreme Court of Ohio held Section 3 of House Bill

No. 1130 constitutional in an opinion reported at 173 Ohio St., 227, which decision disposed of conflicting decisions by two Courts of Appeals in the cases of *The General Industries Co.* v. *Leach, Admr.,* and *Youngstown Steel Tank Co.* v. *Leach, Admr.* Following the decision of the Supreme Court, the Board of Review remanded the cases to the Administrator who, on April 17, 1962, reaffirmed his original allowance of benefits based upon his previous recomputation and redetermination.

Employers, including the employer of this relator, again appealed the cases to the Board of Review. Under date of August 17, 1962, the board decided that:

"The increase of the weekly benefit amount over the original of $33.00 by the amount specified in each decision, appealed by the employer, is correct."

The board further determined that the increase in the total amount of benefits over the original total of $858, as specified by the Administrator, should be left undisturbed as the Supreme Court did not give a clear mandate as to this matter, and also that the potential charge to the employer's account was incorrect and must be modified.

The Administrator then appealed that part of the decision of the board, which reversed his determination as to the increase in the potential charge to the employer's account. Appeals were filed by the Administrator in the Courts of Common Pleas in Franklin and many other counties of the state. No other party has appealed. Payment of the benefits claimed by relator and others of the class he represents are still withheld pending disposition of the Administrator's appeals.

In spite of all the possible ramifications suggested by this recital of procedural steps, the question presented to this court concerns the divisibility, or if you prefer, the indivisibility, of the decision of the Board of Review. Counsel for the Administrator, in their supplemental brief, urge that "the law makes no provision to appeal a Board of Review decision with respect to one part thereof." It is difficult to reconcile this argument with the allegations in the answer of the respondent, filed herein, where the allegations refer to the appeals filed by the Administrator. The language found there is as follows:

"Such appeals do not question the right of the claimants involved to receive their additional benefits. No appeals have

been filed with the courts from the affirmance by the Board of Review of the increase of the weekly benefit or of the increase of the total amount of benefits payable. Such appeals only question the modification of the Administrator's redeterminations, wherein the Board of Review held that the increase in the potential charge to the employer's account, * * *, must remain undisturbed and cannot be increased.''

Counsels' concern for the possible error into which this court might fall if it permits a board decision to be divided for purposes of appeal evidently did not disturb counsel for the Administrator when the appeals were taken and when his answer was filed to the petition of relator. There is in fact only one type of appeal now pending, that concerning the potential charge to the employer's accounts. There is no appeal pending anywhere involving the benefit determination made by the Administrator. It is agreed by both parties to this action that there is no dispute as to the benefit recomputation.

Throughout the statutes dealing with unemployment compensation there appear two clearly distinct and discernible areas of calculation and administration. One area deals with eligibility for, and determination of, benefits. The other area deals with the problem of rate determination and contribution, which includes the calculation of so-called merit ratings. The statutes are distinct, and the processes of appeal applicable to the two different areas are distinct. From an examination of the appeals procedures provided in the law, it would seem that from the outset in this matter, there have been two problems requiring two different processes for solution. There should never have been a combination of the two in the first instance.

Section 4141.28, Revised Code, entitled ''Claims for Benefits,'' outlines the method by which an unemployed person may secure benefits and the responsibility of the Administrator and his staff in handling the claim. Subsection (H) deals with appeals procedure. Pertinent language (128 Ohio Laws, 1308, 1322) is as follows:

''Any interested party may appeal the administrator's decision on reconsideration to the board and unless an appeal is filed from such decision on reconsideration * * * such decision on reconsideration is final and benefits shall be paid or denied in accordance therewith. If an appeal is filed, pay-

ment of benefits which are in dispute shall be withheld pending the decision on the appeal provided when a referee affirms a decision on reconsideration, or when the board affirms a decision of the referee allowing benefits, such benefits shall be paid, notwithstanding any further appeal which may thereafter be taken, but if such a decision is finally reversed, no employer's account shall be charged with benefits so paid.''

There is no dispute as to benefits. There is no appeal pending as to the determination of benefits. The Board of Review has affirmed the decision determining the amount of benefits. The statute directs that ''such benefits shall be paid.''

Section 4141.25 *et seq.*, Revised Code, deals with contribution rates, the other separate and distinct area we need to notice. Section 4141.26, Revised Code, is the appeals section. The first several paragraphs of the section deal with the annual determination of rates and the method to be used by an employer in an appeal therefrom to the Court of Common Pleas of Franklin County. Following this is found the provision as follows:

''This section applies to all other determinations and orders of the administrator affecting the liability of an employer to pay contributions or the amount of such contributions * * *.''

The last paragraph of Section 4141.26, Revised Code, removes all doubt that it was intended to define two areas and to prescribe two methods of perfecting rights primarily and on appeal. The language is as follows:

''Notwithstanding any determination made in pursuance of Sections 4141.23 to 4141.26, inclusive, of the Revised Code, no individual who files a claim for benefits shall be denied the right to a fair hearing as provided in Section 4141.28 of the Revised Code, or the right to have his claim determined on the merits thereof.''

An appeal from the decision of the Board of Review respecting charges to employer's accounts is now pending in the Court of Common Pleas of Franklin County. Such appeal was taken by the Administrator, and it is proper if the Administrator is ''any person affected thereby.'' Whatever the outcome of that appeal, the benefit recomputation and determination previously made by the Administrator will not be affected. It is also possible that even charges to employer's accounts will not be increased. No other appeal of any kind is pending, there

being no dispute as to the finding of the Administrator as to benefits. The benefits found to be due the relator herein, and the others in the class he represents, are due and payable and the prayer of his petition should be and hereby is allowed.

It is ordered, therefore, that a writ of mandamus issue forthwith directing the respondent, Donald B. Leach, Administrator, Bureau of Unemployment Compensation, state of Ohio, to immediately pay the recomputed benefits due relator, and the others in the class he represents, as the Administrator determined them to be and so approved by the Board of Review, to all of which the exceptions of the respondent are noted.

*Writ allowed.*

DUFFY, P. J., and DUFFEY, J., concur.